```
JACK J. BOLTAX, Attorney-at-law
State Bar No.: 105490
1202 Kettner Blvd., Suite 6200
San Diego, CA 92101
Tele No.:  (619) 233-5129
Fax No.:   (619) 234-9973
Email:     jboltaxlaw@gmail.com

Attorney for Javier Herrera-Diaz
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Hon. William Q. Hayes)

| | |
|---|---|
| United States of America, ) | Case No.: 08-CR-1123-WQH |
| ) | **RESPONSE TO GOVERNMENT'S** |
| Plaintiff, ) | **OBJECTION TO THE PRESENTENCE** |
| ) | **REPORT'S SENTENCING SUMMARY** |
| vs. ) | **CHART AND SENTENCING** |
| ) | **MEMORANDUM; MOTION TO** |
| Javier Herrera-Diaz, ) | **STRIKE GOVERNMENT'S** |
| ) | **OBJECTIONS TO PRESENTENCE** |
| Defendant. ) | **REPORT** |
| ) | |
| ) | Date:  August 8, 2008 |
| ) | Time:  2:00 pm |
| ) | Judge: Hon. William Q. Hayes |

TO: Honorable William Q. Hayes, U.S. District Court Judge, Southern District of California, the United States Attorney's Office, U.S. Attorney Karen P. Hewitt; AUSA David L. Katz.

  Javier Herrera-Diaz, by and through his attorney Jack J. Boltax, submits the following Response to the Government's Objection to the Presentence Report's Sentencing Summary Chart and Sentencing Memorandum, and Motion to Strike the Government's Objection to the Presentence Report's Sentencing Summary Chart and Sentencing Memorandum.

**I**

**THE GOVERNMENT'S OBJECTION
TO THE PRESENTENCE REPORT'S SENTENCING
SUMMARY CHART AND ITS SENTENCING
MEMORANDUM WERE NOT FILED
IN A TIMELY FASHION AND SHOULD THEREFORE BE STRICKEN**

A. STATEMENT OF THE CASE AND FACTS

On or about June 2, 2008, U.S. Probation officer Kate McGlory filed a presentence report in this case. She calculated Mr. Herrera-Diaz's total offense level as a level 10 (see page 9 of the presentence report).[1] She did not request a two part upward adjustment pursuant to USSG § 2L1.1(b)(3) (Prior Immigration Felony) in her calculation.

Sentencing in this matter was originally set for July 14, 2008. Prior to that date, the U.S. Attorney filed no objections to the presentence report, or its sentencing summary chart, nor did they file sentencing memorandum. They filed no objection to the presentence report's or sentencing summary chart's failure to include a two level upward adjustment under USSG § 2L1.1(b)(3) in calculating the total offense level.

On July 14, 2008, at the request of Mr. Herrera's attorney, Jack J. Boltax, the court continued the matter until July 25, 2008. Prior to July 25, 2008, the government again failed to file any objections to the presentence report, its sentencing summary chart, or file any sentencing memorandum. More specifically, they again failed to file any objection to the presentence report's or its sentencing summary chart's failure to include a two level downward adjustment under USSG § 2L1.1(b)(3) in calculating the total offense level.

On July 25, 2008, a sentencing hearing was held. During the hearing the government orally raised the issue of applying USSG § 2L1.1(b)(3). AUSA David Katz indicated he had contacted the Probation Office a few days before the hearing and informed them that he contended USSG § 2L1.1(b)(3) applied and that as a result, a two level upward adjustment in the total offense level should be made. The duty officer acknowledged that she had received Mr. Katz's phone call and that she agreed with his assessment.

Mr. Herrera-Diaz's attorney objected to the government's failure to file a timely objection to the presentence report raising this issue and to the probation officer's failure to file any timely addendum or supplemental papers addressing this issue. The court sustained the objection.

---

[1] It should be noted that this calculation did not include a two-level downward departure for Fast-track pursuant to USSG § 5K3.1. In the sentencing summary chart that the USPO attached to the presentence report she included this adjustment in her calculations.

1  AUSA Katz then contended that Mr. Herrera-Diaz and his attorney had breached the plea agreement by not agreeing to this upward adjustment. The court asked AUSA Katz if he wanted additional time to file a memorandum regarding the breach. AUSA Katz indicated that he did. The court granted his request to continue the matter to file a breach motion and continued the sentencing hearing until 8/8/08 at 2 pm to give the government an opportunity to file a "memorandum regarding breach" of the plea agreement (see Exhibit A, efiled minute entry dated 7/25/08). The government's memorandum was ordered to be filed by no later than 8/1/08. Mr. Herrera-Diaz's response was ordered to be filed by no later than 8/6/08.

On 7/25/08 AUSA filed an objection to the presentence report's sentencing summary chart and sentencing memorandum. In that document he objects to the probation officer's failure to add a proper upward adjustment in its sentencing summary chart. He contends this objection is "technically not to the PSR itself…" (See page 3 of the U.S. Sentencing Memorandum and Objections to the Presentence Report's Sentencing Summary Chart). On 7/28/08, the government filed the same document again raising the same objection.

To date, the government has not filed any motions or memorandum alleging that Mr. Herrera-Diaz or his attorney breached the plea agreement.

B. THE COURT SHOULD OVERRULE THE GOVERNMENT'S SENTENCING MEMORANDUM and OBJECTION TO THE PRESENTENCE REPORT'S SENTENCE SUMMARY CHART BECAUSE IT IS UNTIMELY. THE MEMORANDUM AND OBJECTION SHOULD BE STRIKEN.

At the sentencing hearing on July 25, 2008, the court overruled the government's objection to the presentence report's failure to apply USSG § 2L1.1(b)(3) to the calculation of the total offense level, because the objection was not made or filed in a timely fashion. The government requested a continuance to file a motion that Mr. Herrera-Diaz's attorney had breached the plea agreement by not conceding this issue and by objecting to the untimely raising of this issue by government counsel. Mr. Herrera-Diaz's attorney opposed a continuance, indicating no breach had occurred.

Instead of filing a breach motion in conformance with the ground it used to request a

3  08-CR-1123

continuance, the government attempts to backdoor their original failure to make a timely objection by abusing the continuance. This attempt to make a timely objection is nothing but a ruse that the court should not permit. It is a misuse of the request for the continuance and demonstrates that no continuance should have been granted. The government never intended to file a breach motion and misled the court in order to circumvent the rules to correct its original failure to object. Since the court overruled their original objection as being untimely and their request for a continuance was not legitimately made, the court should stick to its original ruling. No new grounds have been raised to justify this court revisiting or reconsidering their objection. To rule otherwise would benefit the government for its abuse of the continuance process and encourage it to misuse the court's process in the future.

Date: August 6, 2008                                                      Respectfully submitted,

/s Jack J. Boltax
Jack J. Boltax
Attorney for Defendant